No. 23-5493

# In the United States Court of Appeals
## for the Sixth Circuit

---

Robert Holman,

Plaintiff-Appellant,

*v.*

Thomas J. Vilsack, in his official capacity as Secretary of Agriculture, et al.,

Defendants-Appellees.

---

On Appeal from the United States District Court for the
Western District of Tennessee at Jackson,
Case No. 1:21-cv-01085

The Honorable S. Thomas Anderson, District Judge

---

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC., IN SUPPORT OF PLAINTIFF-APPELLANT & REVERSING THE PANEL DECISION**

---

Daniel P. Lennington
*Counsel of Record*

Wisconsin Institute for
Law & Liberty

330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Dan@will-law.org
(414) 727-9455

Pursuant to Fed. R. App. P. 29(a)(3), The Wisconsin Institute for Law & Liberty, Inc., respectfully moves the Court for leave to file an *amicus curiae* brief in support of the plaintiffs-appellants in this matter, who seek rehearing *en banc*. All parties consent to this motion.

WILL is a public-interest law firm that frequently litigates against programs with racial preferences, like the one at issue in this case. WILL has successfully challenged multiple programs that prioritize the "socially disadvantaged," a euphemism for certain preferred racial groups. *See, e.g.*, *Mid-Am. Milling Co. v. U.S. Dep't of Trans*p., No. 3:23-cv-00072-GFVT, 2024 WL 4267183 (E.D. Ky. Sept. 23, 2024); *Nuziard v. Minority Bus. Dev. Agency*, 721 F.Supp.3d 431 (N.D. Tex. 2024); *Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021). As a prevailing party in *Nuziard*, WILL successfully sought and obtained attorney fees and costs under the Equal Access to Justice Act. *See Nuziard,* No. 4:23-cv-00278-P, 2024 WL 4416885 (N.D. Tex. Apr. 26, 2024). The court in *Nuziard* applied a different standard than the panel decision in this case.

In this action, the panel unreasonably interpreted the EAJA, restricting the ability of WILL and similar organizations to recover attorney fees and costs. WILL, like other public-interest law firms, hardly

ever charges its clients. The ability to recover fees allows WILL to help more clients safeguard their constitutional rights.

This *amicus* brief will provide the Court with the perspective of public-interest law firms like WILL, and will also highlight the significant number of federal race-based programs that still exist. Without the ability to challenge these programs and recover fees under the EAJA, the ability of public-interest law firms to advance the constitutional rights of all Americans will be diminished.

WHEREFORE, Wisconsin Institute for Law & Liberty, Inc. respectfully requests the Court grant this motion and accept its *amicus curiae* brief for filing in this matter.

Dated: November 12, 2024.

Respectfully Submitted,

WISCONSIN INSTITUTE FOR
LAW & LIBERTY

s/ *Daniel P. Lennington*
DANIEL P. LENNINGTON
*Counsel of Record*

330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Dan@will-law.org
(414) 727-9455

## CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Rule 32(g) of the Federal Rules of Appellate Procedure, that this motion complies with the type volume limitations and contains 311 words. Fed. R. App. P. 27(d)(2)(A).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: November 12, 2024

s/ *Daniel P. Lennington*
DANIEL P. LENNINGTON

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I filed this Attachment with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

Dated: November 12, 2024

s/ *Daniel P. Lennington*
DANIEL P. LENNINGTON