IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ROBERT HOLMAN,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, et al.,<br><br>    Defendants-Appellees. | No. 23-5493 |

**MOTION FOR 14-DAY EXTENSION OF TIME
TO FILE RESPONSE TO PETITION FOR REHEARING EN BANC**

Pursuant to Federal Rule of Appellate Procedure 27, the federal government respectfully requests a 14-day extension of time, to and including January 9, 2025, in which to file its response to the petition for rehearing en banc. The government recognizes that this Court, in its letter directing the government to respond to the petition by December 26, 2024, stated that "no extensions will be granted." *See* Letter (Dec. 12, 2024). For the reasons explained below, the government nonetheless believes that the requested extension is appropriate in these circumstances and will not prejudice the parties or unduly delay the Court's resolution of this matter. Plaintiff-appellant takes no position on this motion and does not intend to file a response.

**1.** This appeal concerns plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA). As relevant here, EAJA generally authorizes an award of attorney's fees to a "prevailing party" against the federal government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d).

**2.** In 2021, plaintiff brought suit in the Western District of Tennessee challenging the constitutionality of Section 1005 of the American Rescue Plan Act, which authorized a program that would have provided loan-repayment assistance to socially disadvantaged farmers and ranchers. In July 2021, following similar action by several other federal courts, the district court granted plaintiff's motion to preliminarily enjoin implementation of Section 1005. This suit was then stayed pending class-action litigation in another district. In August 2022, Congress repealed Section 1005, after which the parties jointly agreed to dismissal of this action as moot.

**3.** Plaintiff then filed this motion for costs and attorney's fees, which the government opposed on several independent grounds. The district court denied plaintiff's motion on the basis that he did not qualify as a "prevailing party" within the meaning of EAJA. Plaintiff appealed.

**4.** On September 23, 2024, a panel of this Court affirmed the district court's denial of attorney's fees on the alternative basis that the government's position was "substantially justified." *See* Op. 6-13. The Court thereby elected not to resolve the threshold question whether plaintiff was a prevailing party within the meaning of EAJA. Op. 4-6. Judge Larsen dissented, opining that the government's position in this case was not substantially justified, that plaintiff should be deemed a prevailing party, and that an award of attorney's fee was otherwise warranted. *See* Op. 14-22 (Larsen, J., dissenting).

**5.** On November 7, 2024, plaintiff filed a petition for rehearing en banc. With the government's consent, multiple amici filed briefs in support of plaintiff's petition.

**6.** On December 12, 2024, this Court directed counsel for the government to respond to the petition for rehearing en banc no later than "close of business on Thursday, December 26, 2024." Letter (Dec. 12, 2024) (emphasis omitted).

**7.** The government respectfully requests a 14-day extension of time, to and including January 9, 2025, in which to file its Court-directed response. The undersigned counsel believe that the requested extension is necessary to ensure adequate time to prepare and file its response to the petition, including to ensure adequate time to coordinate with the Department of Agriculture as

3

well as other interested components of the Department of Justice, whose availability for review is expected to be limited by forthcoming federal and religious holidays.

Jeffrey E. Sandberg has principal responsibility for preparing the government's response in this matter. Mr. Sandberg will be out of the office on previously scheduled annual leave from December 23, 2024 through January 3, 2025. Mr. Sandberg also has principal responsibility for *Property Casualty Insurers Association of America v. Todman*, No. 24-1947 (7th Cir.), in which the Court today directed the parties to file supplemental briefs by January 6, 2025 in advance of oral argument scheduled for January 16, 2025. Thomas Pulham, who has supervisory responsibility for the government's response in this case, will likewise be away on previously scheduled annual leave from December 20, 2024 through January 1, 2025.

**8.** We have consulted with counsel for plaintiff-appellant, who authorized us to state that plaintiff takes no position on the current request, defers to the Court's judgment, and does not intend to respond to this motion.

## CONCLUSION

For the foregoing reasons, the government respectfully requests a 14-day extension, to and including January 9, 2025, in which to file its Court-directed response to the petition for rehearing en banc.

Respectfully submitted,

THOMAS PULHAM
 /s/ *Jeffrey E. Sandberg*
JEFFREY E. SANDBERG
 Attorneys, Appellate Staff
 Civil Division
 U.S. Department of Justice
 950 Pennsylvania Ave. NW
 Room 7214
 Washington, D.C. 20530

DECEMBER 2024

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 754 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Calisto MT 14-point font, a proportionally spaced typeface.

/s/ *Jeffrey E. Sandberg*
Jeffrey E. Sandberg

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2024, I filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. Service will be accomplished by the CM/ECF system.

                                                  */s/ Jeffrey E. Sandberg*
                                                  Jeffrey E. Sandberg